In the Matter of the Judicial Settlement of the Account of HERMAN J. WAGNER, as Surviving Executor of HERMAN E. WAGNER, Deceased. HERMAN J. WAGNER, Individually and as Surviving Executor, etc., of HERMAN E. WAGNER, Deceased,

Appellant; MARIE I. STREIT and ESTELLE G. FRUAUF, Respondents.— In a proceeding for a compulsory accounting by appellant, as surviving executor of an estate in which respondents have a remainder interest, the decree of the Surrogate's Court of Rockland county sustained objections to the account, surcharged the appellant in the sum of $65,070.80, removed him from office, and granted other relief. Decree modified by dismissing the objections and striking out all the items with which appellant is surcharged in paragraph " Third " thereof except as to the Wakefield mortgage and the American Lithographing Co. bonds, and by reducing the amount of the surcharge from $65,070.80 to $5,516.06, and, as thus modified, the decree is unanimously affirmed, without costs. The finding that the assignments of the mortgages and the extension agreements were forged by appellant was against the weight of the evidence. We base our conclusion chiefly on: (1) The absence of an adequate motive for the alleged forgeries; (2) the testimony of one of the respondents that the testator and appellant did, in fact, execute documents of some kind on the evening of February 25, 1913; (3) the fact that the testator was engaged in arranging his affairs and disposing of his property on that day, preparatory to entering a hospital on the day following, as evidenced by the memorandum attached to his will and the power of attorney to his wife with respect to his bank account; (4) the execution of the deed to the Lewis avenue property on February 26, 1913, which cannot be considered a forgery without rejecting the testimony of the notary; (5) the transfer tax petition and schedules filed by Mrs. Wagner in April, 1913, which make no mention of the mortgages; (6) the uniform designation of Mrs. Wagner as mortgagee in the insurance policies after the testator's death; (7) the satisfactions of the mortgages, in most instances signed by Mrs. Wagner, which are not claimed to be forgeries, and several of which recite the original assignments; (8) the testimony of appellant's handwriting expert, which is more convincing than that given by respondents' experts. The Manes and De Jong mortgages were never the property of the testator, and the surcharge based thereon was unwarranted. Appellant failed to account adequately for the proceeds of the Wakefield mortgage, and was negligent in failing to take possession of the American Lithographing Company bonds, as to which there was no competent proof of a gift. The surcharge as to those two items was, therefore, proper. Appellant's general course of conduct justified the action of the surrogate in denying him commissions and removing him from office as executor. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.